IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAFAEL PÉREZ-RODRÍGUEZ, <br><br> Defendant. | CRIMINAL NO. 16-041 (PAD) |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Rafael Pérez-Rodríguez was indicted for attempted enticement of a minor for unlawful sexual activity in violation of 18 U.S.C. § 2422(b) (Docket No. 15). Before the court is defendant's "Motion to Dismiss Count One of the Indictment" (Docket No. 50), which he supplemented (Docket No. 53). The government opposed (Docket No. 57). For the reasons explained below, the dismissal request is DENIED.

**I.      INTRODUCTION**

According to the criminal complaint giving way to the indictment, defendant communicated with an undercover agent via text messages and a messaging application periodically from December 30, 2015 through January 4, 2016. During those communications, the agent posed as an adult male who had access to a minor (an eleven-year-old male), and who was offering the minor to defendant for purpose of sexual abuse (Docket No. 1-1). During those conversations, the defendant informed the agent that he wished to urinate on, and have oral and anal sex with the eleven-year-old minor, among other acts (Docket No. 1-1 at ¶ 4). Moreover, the agent and defendant agreed to meet so that the defendant could follow the agent to his house to engage in sexual acts with the minor and to

Case 3:16-cr-00041-PAD-CVR   Document 82   Filed 12/27/16   Page 2 of 4

United States v. Pérez-Rodíguez, et al.
Criminal No. 16-041 (PAD)
Opinion and Order
Page 2

consume alcohol.  Id.  Finally, on January 4, 2016, the defendant arrived at the location agreed upon with the agent.  At that point, he was identified by agents and placed under arrest.

## II.    DISCUSSION

Defendant requests dismissal of the indictment claiming that it does not establish the element of an attempt to "persuade, induce, entice, or coerce" a minor (Docket No. 50 at p. 5-6).  Section 2422 (b) reads:

> (b) Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly **persuades, induces, entices, or coerces** any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.
>
> 18 U.S.C. § 2422 (b)(emphasis added).

Defendant argues that in his conversations with the undercover agent, he never asked the agent to pass a message to the fictitious minor, or to communicate directly with the minor.  He asserts it was the undercover agent that offered up the minor to him (Docket No. 50 at p. 13).  He characterizes his conversations with the undercover agent as "mere conversations about child sex between two consenting adults without anything more."  Id.  And he references United States v. Gladish, 536 F.3d 646, 650 (7th Cir. 2008), noting that in that case "Judge Posner directly rejected the government's position that a person can violate § 2422(b) through communications alone" (Docket No. 50 at p. 14).

The Government counters that in the First Circuit, communicating with an intermediary, and not a minor, is sufficient to violate Section 2422(b).[1]  It posits that defendant took substantial steps

---

[1] See United States v. Berk 652 F.3d 132, 140 (1st Cir. 2011), cert. denied, 132 S.Ct. 1650 (2012)(holding that "a defendant can be

Case 3:16-cr-00041-PAD-CVR   Document 82   Filed 12/27/16   Page 3 of 4

United States v. Pérez-Rodíguez, et al.
Criminal No. 16-041 (PAD)
Opinion and Order
Page 3

towards the commission of the crime, including: 1) dialog with adult whom he believed had access or control over the minor; 2) the agreement with the undercover agent to meet and go to a place where defendant could engage in sexual acts with the minor; and 3) the actual act of traveling to meet the undercover agent to engage in sexual acts with the minor (Docket No. 57 at p. 6-7). Therefore, it argues that, at a minimum, there is a factual dispute regarding whether defendant's arrival at the meeting place was a substantial step to procure and secure engagement in sexual conduct with the minor in violation of the statute (Docket No. 57 at p. 6). The court agrees with the Government.

The crime of attempt requires an intention to commit the substantive offense and a substantial step towards its commission. See, Berk, 652 F.3d at 140 (so stating). A "substantial step" is less than what is necessary to complete the substantive crime, but more than mere preparation. Id. In the First Circuit, the act of traveling to meet an intermediary or a fictitious minor has been held sufficient to establish a "substantial step." Id. (…"[W]e have little trouble concluding that actually meeting with the girl's father and discussing with him graphic sexual details and prices goes far beyond "mere preparation").[2] Thus, a reasonable jury here could find that defendant took a substantial step toward achieving the end that Section 2422(b) proscribes.

---

convicted even if the relevant communications are with an intermediary"); U.S. v. Murell, 368 F.3d 1283 (11th Cir. 2004)(pointing out that "direct communication with a minor or supposed minor is unnecessary under the text of § 2422 (b)").

[2] See also, United States v. Caudill, 709 F.3d 444 (5th Cir. 2013)(confirming district court's denial of a request to dismiss the indictment where defendant 1) arranged to meet and pay an undercover police officer in exchange for access to two minor girls, and 2) drove to the designated hotel agreed upon with the police officer); United States v. Murrell 368 F.3d 1283, 1287-1288 (2004)(arranging to have sex with a minor through intermediary constituted "inducement"); United States v. Meek, 366 F.3d 705, 720 (9th Cir. 2004) (defendant's "extensive sexual dialog, transmission of a sexually-suggestive photograph, repeated sexual references…and his travel to meet the minor…mark his conduct as criminal nature").

<u>United States</u> v<u>. Pérez-Rodíguez, et al.</u>
Criminal No. 16-041 (PAD)
Opinion and Order
Page 4

### III. CONCLUSION

In view of the foregoing, defendant's "Motion to Dismiss Count One of the Indictment" (Docket No. 50) is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of December, 2016.

<u>s/Pedro A. Delgado-Hernández</u>
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE